UNITED STATES DISTRICT COURT                                    **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-7250-DMG (MRWx)** | Date | June 21, 2016 |
|---|---|---|---|

| Title | *Lorraine Viggiano v. Johnson & Johnson, et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:  IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO STAY**

**I.**
**PROCEDURAL BACKGROUND**

On October 23, 2014, Plaintiff Lorraine Viggiano filed the operative Second Amended Complaint ("SAC"), asserting the following causes of action against Defendants Johnson & Johnson and McNeil Nutritionals, LLC:  (1) false and misleading advertising in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) false and misleading advertising in violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (3) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (4) unjust enrichment; (5) breach of express warranty; (6) breach of implied warranty; and (7) violation of consumer fraud laws. [Doc. # 22.]

On June 12, 2015, the Court granted Defendants' motion to dismiss as to Plaintiffs' breach of implied warranty claim, but otherwise denied the motion as to Plaintiff's remaining claims.  ("June 12, 2015 Order") [Doc. # 35.]

Before the Court is Defendants' Motion to Stay, filed on April 18, 2016, pursuant to the primary jurisdiction doctrine.  ("Mot.") [Doc. # 50].  Although Viggiano "consented to a stay of the class certification briefing and subsequent litigation," she contends that Defendant McNeil is nonetheless required to produce corporate representatives for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  ("Opp.") [Doc. #53.]
//

---

CV-90                            **CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT                    **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-7250-DMG (MRWx)** | Date | June 21, 2016 |
|---|---|---|---|

| Title | ***Lorraine Viggiano v. Johnson & Johnson, et al.*** | Page | 2 of 5 |
|---|---|---|---|

## II.
## FACTUAL BACKGROUND

The Court summarized the factual background in its June 12, 2015 Order and need not repeat it here.

## III.
## LEGAL STANDARD

A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, counsel, and litigants. *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 878 n. 6 (1998) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same). For this reason, a district court has discretion to stay proceedings pending before it. The Supreme Court has emphasized that "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but "is instead an exercise of judicial discretion[.]" *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations and quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (internal citations omitted).

In exercising its discretion, the court must weigh competing interests, including the possible damage which may ensue from a stay, the hardship or inequity a party may suffer if the case moves forward, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## IV.
## DISCUSSION

The primary jurisdiction doctrine permits courts to stay proceedings or dismiss an action without prejudice pending resolution of a matter within the special competence of an administrative agency. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) (citing *Reiter v. Cooper*, 507 U.S. 258, 268-269 (1993)). The doctrine is "properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002) (citing *Brown v. MCI WorldCom Network Servs., Inc.,* 277 F.3d 1166, 1172 (9th Cir.2002)). Yet, it is inappropriate to apply the primary jurisdiction doctrine when an agency is aware of but has

UNITED STATES DISTRICT COURT          **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-7250-DMG (MRWx)** | Date | June 21, 2016 |
|---|---|---|---|

| Title | *Lorraine Viggiano v. Johnson & Johnson, et al.* | Page | 3 of 5 |
|---|---|---|---|

expressed no interest in the matter at hand.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 761 (9th Cir. 2015).

Like the district court's authority to stay proceedings, the court is empowered to invoke primary jurisdiction in the interest of judicial economy.  *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1165 (9th Cir. 2007) (efficiency is a deciding factor in whether to apply primary jurisdiction); *see also United States v. Philip Morris USA Inc.*, 686 F.3d 832, 838 (D.C. Cir. 2012) ("the primary jurisdiction doctrine is rooted in part in judicial efficiency").

Here, Defendants' motion to stay was prompted by two recent developments:  (1) the Food and Drug Administration's ("FDA") November 12, 2015 announcement of its initiation of a formal regulatory proceeding to determine the permissible uses of the term "natural" in food labeling and (2) the Ninth Circuit mandate in *Kane v. Chobani* that the FDA's commencement of rulemaking brings into play the primary jurisdiction doctrine.  *Kane v. Chobani, LLC*, No. 14-15670, 2016 WL 1161782 (9th Cir. Mar. 24, 2016) (discussing Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905 (Nov. 12, 2015)).

The FDA commenced regulatory proceedings following its receipt of citizen petitions imploring the agency to define the term "natural" for use in food labeling, and federal court requests for administrative determinations whether food products containing high fructose corn syrup or genetically modified ingredients could be labeled "natural."  Use of the Term "Natural" in the Labeling of Human Food Products; Request for Information and Comments, 80 Fed. Reg. 69,905 (Nov. 12, 2015).  The agency is partnering with the United States Department of Agriculture's ("USDA") Agricultural Marketing Service and its Food Safety and Inspection Service to evaluate use of the term in the meat, poultry, and egg product contexts.  *Id*.  FDA has also invited public comment on the term's use in food labeling, and on particular questions posed in its pronouncement.  *Id*.

The Ninth Circuit in *Kane* contemplated the FDA's recent action.  There, plaintiffs asserted that defendant Chobani, Inc. "deceptively and unlawfully" labeled its yogurt "natural" in violation of FDA regulations, much like Viggiano does in the instant case concerning Nectresse™.  *Kane*, No. 14-15670, 2016 WL 1161782 at *1.  Given the ongoing FDA proceedings, the Ninth Circuit reasoned that "delineation of the scope and permissible usage of the term[] 'natural'. . . implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  *Id*. at *1-2. (citing *Astiana*, 783 F.3d at 760.) (internal quotation marks

<table>
<tr><td colspan="2">UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL</td><td>**STAYED**</td></tr>
</table>

| Case No. | **CV 14-7250-DMG (MRWx)** | Date | June 21, 2016 |
|---|---|---|---|

| Title | *Lorraine Viggiano v. Johnson & Johnson, et al.* | Page | 4 of 5 |
|---|---|---|---|

omitted).   On that ground, the Ninth Circuit remanded the case, directing the district court to stay the action pending resolution of the FDA's rulemaking proceedings.  *Id*. at *2.

Since the FDA commenced regulatory proceedings, district courts have followed the Ninth Circuit's lead in applying the primary jurisdiction doctrine in these types of actions where the term "natural" is at issue.  *See, e.g., Samet v. Kellogg*, 12-cv-1891, 2016 U.S. Dist. LEXIS 45516, at *3-5 (N.D. Cal. Apr. 4, 2016); *Smedt v. Hain Celestial Grp. Inc.*, No. 12-cv-3029, Dkt. No. 97 (N.D. Cal. Apr. 7, 2016); *Anderson v. Hain Celestial Grp. Inc.*, No. 14-cv-3895, Dkt. No. 62 (N.D. Cal. Apr. 8, 2016); *George v. Blue Diamond Growers*, No. 4:15-CV-962 (CEJ), 2016 WL 1464644, at *3 (E.D. Mo. Apr. 14, 2016).[1]

Given the Ninth Circuit's ruling in *Kane*, the Court **GRANTS** Defendants' motion to stay pursuant to the primary jurisdiction doctrine.

Viggiano consents to stay parts of the litigation pending the FDA's determination, but seeks an order exempting discovery from any stay.  Opp. at 1.  She asserts that a stay would preclude her from conducting discovery as to Defendants' Fed. R. Civ. P. 30(b)(6) witnesses, as many "persons most knowledgeable" of the manufacturing, marketing, and distribution of Nectresse™ were terminated following the product's discontinuation in July 2014 and Defendants' selloff of Splenda® in August 2015.  Opp. at 3-5.

Viggiano has not made, however, a sufficient evidentiary showing of harm or inequity that may result from imposition of a complete stay on all litigation, including discovery.  As Defendants point out, they are required to keep all relevant documents once a potential claim is ascertained.  *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006) (citing *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y.2003) ("The duty to preserve documents attaches when a party should have known that the evidence may be relevant to future litigation.") (internal quotation marks omitted).  Since Defendants are aware of the pending litigation, and have been on notice since Viggiano filed suit on May 30, 2014 [Doc. # 1], the discontinuation and selloff events Viggiano cites to in July 2014 and August 2015 have no bearing on Defendants' obligation to maintain all relevant documents.

---

[1] In contrast, before the FDA's recent announcement on the matter, a number of district courts declined to invoke primary jurisdiction in cases concerning the term "natural" in food labeling.  *See Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 898 (N.D. Cal. 2012) ("The FDA's inaction with respect to the term "natural" implies that the FDA does not believe that the term "natural" requires "uniformity in administration."); *see also Janney v. General Mills*, 944 F. Supp. 2d 806, 814-815 (N.D. Cal. 2013) (though the *Syntek* factors support FDA delineation of the term "natural" as it relates to food labeling, the agency has shown little interest in the matter).

UNITED STATES DISTRICT COURT                    **STAYED**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-7250-DMG (MRWx)** | Date | June 21, 2016 |
|---|---|---|---|

| Title | ***Lorraine Viggiano v. Johnson & Johnson, et al.*** | Page | 5 of 5 |
|---|---|---|---|

In any event, former employees, like other nonparties, may be subpoenaed for testimony pursuant to Fed. R. Civ. P 45.  As of now, Viggiano's concern over her future inability to depose such individuals should the Court impose a stay is speculative.

In light of the procedural protections in place, Viggiano has not made an adequate showing of prejudice ensuing from a stay sufficient to warrant deviation from a stay of the action in its entirety.  On the other hand, permitting discovery while the FDA regulatory proceeding is underway may impose unnecessary burdens on Defendants by leading to discovery that could be rendered unnecessary by later FDA conclusions.  *See Chronicle Publ'g Co. v. Nat'l Broad. Co.*, 294 F.2d 744, 749 (9th Cir. 1961) ("[t]o be effective," a stay intended to "avoid[]…unnecessary duplication of effort" must include "pre-trial discovery"); *see also Rhoades*, 504 F.3d at 1165 (district court should not exercise jurisdiction if agency referral is a more efficient alternative).

## V.
## CONCLUSION

In light of the foregoing, Defendants Johnson & Johnson and McNeil Nutritionals, LLC's Motion to Stay Action is **GRANTED** pursuant to the primary jurisdiction doctrine, pending resolution of the FDA's "natural" proceedings.  Within ten days after the FDA provides such guidance, the Parties shall file a joint status report providing notice of the FDA's actions.

The June 24, 2016 hearing on this matter is hereby **VACATED**.

**IT IS SO ORDERED.**

---

CV-90                    **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk KT